IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                        CRIMINAL NO. 5:05-cr-14-DCB-JCS

JOHN RICHARD WYSS

FINDINGS REGARDING GRANT OF RULE 29 MOTION

THIS MATTER having come on for trial without a jury by stipulation of the parties and upon the presentation of evidence by the United States of America, the defendant, John Richard Wyss, made a motion to suppress the evidence and also moved for a dismissal under Rule 29, and the Court sustained the Rule 29 motion and dismissed the case against the defendant.

Counsel for the Government inquired of the Court for a more complete explanation as to which elements of Title 18 U.S.C. § 2252A(a)(5)(B) had not been proved beyond a reasonable doubt, and the Court now being inclined to more fully respond to counsel's request for explanation beyond that given *ore tenus* from the bench, the Court finds as follows, to wit:

I.

The Court's ruling and findings announced from the bench are incorporated herein by reference.

II.

The essential elements set forth in Title 18 U.S.C. § 2252A(a)(5)(B) are as follows:

*First:* That on the date charged in the indictment the defendant knowingly possessed a computer hard drive which contained one or more visual depictions of sexually explicit conduct;

*Second:* That the hard drive contained, and the defendant knew it contained, at least one visual depiction of a minor engaged in sexually explicit conduct;

*Third:* That the production of such visual depiction involved, and the defendant knew it involved, the use of a minor engaging in sexually explicit conduct; and

*Fourth:* That the visual depiction had been mailed or shipped or transported in interstate commerce by any means, including by computer.

The Court finds that the Government failed to meet its burden regarding the first element and it is therefore, unnecessary to make findings regarding elements two, three and four.

EXPLANATION

I.

In its recitation from the bench the Court questioned the ownership of the computer and upon further review of the evidence the Court recognizes that the Government offered into evidence

without objection, said evidence having been received, a bill of sale covering a computer.  Although there was no testimony as to serial numbers or any other definite identification of the computer in question, the Court will assume for the purpose of this writing that the computer represented by the bill of sale is also the computer which was seized by Adams County Deputy Sheriff John Manley at a storage unit in Adams County, Mississippi.

## II.

The Government called as its first witness, Stanley Felter, who testified that the defendant, John Richard Wyss, rented from Felter's father a house in Adams County, and that the defendant was delinquent in rental payments.  Felter testified further that he entered the house, made an inspection thereof, and removed items therefrom.  He testified also that the house appeared to be in order, with furnishings contained therein, although he noticed what appeared to be blood on the sheets, walls and carpet, causing him to call for an inspection and further investigation by the Sheriff's Department.  He testified further that it appeared that the tenant was not living in the house at the time, although his testimony in this regard was somewhat indefinite.  Moreover, this witness gave no testimony which would explain what authority, if any, he had to enter upon the property, other than the property owner is his father.

Deputy John Manley, who now is employed with the University Medical Center as a campus police officer, testified that he, at the instance of Mr. Felter, entered a storage unit on Highway 61 North, and removed property therefrom, including a computer. His removal of the computer was based upon his suspicion of child pornography, although his testimony as to what caused this suspicion is somewhat indefinite. It is clear, however, that Officer Manley had neither sought nor received a warrant to search the storage unit.

It is the Government's contention that the computer was obtained by Mr. Felter and not by a law enforcement officer and, therefore, Fourth Amendment issues are not involved. The Government did not explain, however, by what authority the Sheriff's Deputy entered the storage unit and took possession of the computer. More importantly, assuming that the computer found in the storage unit is the same computer which was found at the home, there is no evidence regarding what happened to the computer after it was removed from the home and before it came into the custody of Officer Manley, a period of approximately ten days.

Rule 29 of the Federal Rules of Criminal Procedure provides, in relevant part:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction.

Fed.R.Crim.P. 29(a).

On a motion for judgment of acquittal, the district judge must determine whether the evidence is substantial enough for a reasonable fact-finder to find guilt beyond a reasonable doubt. See United States v. Taylor, 646 F.2d 240 (2nd Cir. 1972). In a trial without a jury, the Court does not test the evidence in a Rule 29 motion based on how the Court will resolve the matters in dispute, but rather on how a reasonable fact-finder might resolve the issues in dispute. In doing so, the Court must view the evidence in the light most favorable to the prosecution and resolve all doubts in the prosecution's favor. United States v. Ramos, 613 F.Supp. 115, 118 (D.C. N.Y. 1985).

The purpose of testimonial tracing of evidence is, inter alia, to render it improbable that the evidence has been tampered with. United States v. Abreu, 952 F.2d 1458, 1467 (1st Cir. 1992). There is a presumption of regularity when evidence is in official custody. See United States v. Boykins, 9 F.3d 1278, 1285 (7th Cir. 1993); Brewer v. United States, 353 F.2d 260, 263 (8th Cir. 1965)("... Where no evidence indicating otherwise is produced, the presumption of regularity supports the official acts of public officers, and courts presume that they have properly discharged their official duties."). Here, however, the computer was not in official custody, and the presumption does not apply. Furthermore, the possibility of intermeddling or tampering was present for

approximately ten days.  FBI Agent Wayne Mitchell testified as to the possibility of someone manipulating the dates of image files to make them appear to have been created at an earlier date.  The Court therefore finds that the evidence is insufficient to sustain a conviction by a reasonable fact-finder.

The Court finds it unnecessary to make an analysis of Fourth Amendment issues or the Private Search Doctrine, inasmuch as a failure to prove the chain of custody raises a reasonable doubt as to whether this defendant is responsible for the images on the hard drive, since the images could have been placed there by someone else after the computer was removed from his household and before it came into official custody.  The Court's decision to grant the Rule 29 motion and dismiss the defendant is supported by a lack of evidence from which a reasonable finder of fact could determine that the images found on the computer were put there by this defendant, under circumstances where unidentified individuals possessed this equipment for at least a ten day period.

This the 21st day of June, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE